IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EVA MARSH                                                                    PLAINTIFF

vs.                                          Civil No. 1:16-cv-01009

CAROLYN COLVIN                                                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Eva Marsh ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff's application for DIB was filed on April 11, 2013.  (Tr. 10, 113-116).  Plaintiff

alleged she was disabled due to brain stem neck surgery, numbness in head, and limited use of left

arm and hand.  (Tr. 136).  Plaintiff alleged an onset date of May 31, 2012.  (Tr. 10, 113).  This

application was denied initially and again upon reconsideration.  (Tr. 10, 51-74, 76-78).  Thereafter,

Plaintiff requested an administrative hearing on her application and this hearing request was granted.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

(Tr. 80).

Plaintiff's administrative hearing was held on May 13, 2014.  (Tr. 23-50).  Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Dianne Smith, testified at the hearing.  *Id.*  At the time of this hearing, Plaintiff was sixty-three (63) years old and had graduated from high school. (Tr. 26-28).

On October 3, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 10-19).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2016.  (Tr. 12, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 31, 2012.  (Tr. 12, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of status post resection of an intradural cervical and foramen magnum meningioma.  (Tr. 12, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13, Finding 4)

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-18).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work, except she could lift and carry up to 20 pounds occasionally and 10 pounds frequently; could only occasionally stoop, crouch, bend, kneel, crawl, and balance; could only occasionally ambulate or utilize stairs; could perform frequent handling and fingering in the non-dominant upper extremity; and could understand, remember, and carry out detailed instructions and respond to changes within the workplace.  (Tr. 13-14, Finding 5).

2

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ found Plaintiff was capable of performing her PRW as a playroom attendant. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 31, 2012 through the date of the decision. (Tr. 19, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On February 2, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 3, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines:  (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the weight given the opinions of Plaintiff's physician, (B) in failing to properly consider Plaintiff's complaints of pain,

4

and (C)  in the RFC determination.  ECF No. 11, Pgs. 3-9.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 12.

## A.  ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation.  *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.  *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of Dr. Srini Vasan in assessing Plaintiff's RFC.  ECF No. 11, Pgs. 4-6.  However, Plaintiff's argument is without merit.

On April 25,  2013, Dr. Vasan stated in a letter that because of Plaintiff's surgery, her neck was not as flexible and her left arm and left hand were "practically useless"  (Tr. 199).  Dr. Vasan also stated Plaintiff was disabled permanently; could sit, stand, walk, hear, speak, and travel, but could not lift or handle any objects.  *Id.*  The ALJ was correct in assigning little weight to the opinions of Dr. Vasan.  (Tr. 18).

As the ALJ noted, Dr. Vasan only treated Plaintiff for two months when providing her radiation therapy from October to December 2012.  (Tr. 18).  The ALJ also found Dr. Vasan's

5

opinion was inconsistent with his own examination on October 9, 2012, where he found Plaintiff to be alert, oriented, and cooperative, and her neck to be normal, and noted that her muscle power was equal bilaterally, her vibration sense was normal in all four extremities, and she did not have any musculoskeletal abnormalities.  (Tr. 18, 200-201).  Finally, the ALJ found Dr. Vasan's opinion inconsistent with the other objective findings in the record, such as intact cranial nerves, symmetric face, 5/5 strength in her bilateral upper and lower extremities, normal gait, and a normal neck.  (Tr. 18).

The ALJ properly decided to give little weight to the restrictive limitations found by Dr. Vasan.  The ALJ committed no error in his treatment of medical opinions from Plaintiff's physician.

## B. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination.  ECF No. 11, Pgs. 6-8.  In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*.  ECF No. 12.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints.  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record.  (Tr. 14-18).  Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living

are not limited to any serious degree, (3) Conservative medical treatment, (4) Symptoms improved following surgery, and (5) Use of only over-the-counter medication for pain. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### C. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work, except

8

she could lift and carry up to 20 pounds occasionally and 10 pounds frequently; could only occasionally stoop, crouch, bend, kneel, crawl, and balance; could only occasionally ambulate or utilize stairs; could perform frequent handling and fingering in the non-dominant upper extremity; and could understand, remember, and carry out detailed instructions and respond to changes within the workplace. (Tr. 13-14, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 11, Pgs. 8-9. However, substantial evidence supports the ALJ's RFC determination.

Plaintiff underwent surgery to remove a brain stem tumor in August 2012. (Tr. 15-16, 244). However, the treatment records contain mostly normal examination findings that were not supportive of disabling limitations. (Tr. 15-17). In September 2012, a month after her surgery, Plaintiff reported she was doing well and was bathing, eating, and ambulating without difficulty. (Tr. 294). The examination also revealed she was alert and oriented, in no apparent distress, cranial nerves II-XII were grossly intact, face was symmetric, and motor exam was 5/5 in both upper and lower extremities. *Id.*

On October 9, 2012, Plaintiff was seen by Dr. Vasan for radiation therapy. (Tr. 200-201). Plaintiff was alert, oriented, and cooperative; neck was normal; reflexes in her limbs were rather hyperactive but equal bilaterally; muscle power was equal bilaterally; vibration sense was normal on all four extremities; and she did not have any musculoskeletal abnormality. *Id.*

Plaintiff had a follow up appointment on March 5, 2013, with Dr. John Day. (Tr. 342). Plaintiff was doing very well since the surgery and had healed well. *Id.* On examination, she was awake and alert, in no acute distress, and her motor and sensory examinations were normal. Dr. Day indicated he was very pleased with Plaintiff's progress. *Id.*

The ALJ also considered the opinions of medical consultants Dr. Janet Cathey and Dr. Jonathan Norcross in reaching his RFC finding. (Tr. 17-18). Drs. Cathey and Norcross both

indicated Plaintiff could lift 20 pounds occasionally and 10 pounds frequently; could stand, walk, and sit about six hours in an eight-hour workday; and could not perform overhead reaching, but could perform unlimited handling, fingering, and feeling.  (Tr. 55-59, 67-71).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination.  The ALJ properly accounted for any limitations that were supported by Plaintiff's medical record when he found Plaintiff capable of only a reduced ranged of light work.  Plaintiff has the burden of establishing her claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence; the ALJ's RFC determination should be affirmed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **1st day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

10